Office of the Attorney General — State of Texas John Cornyn The Honorable Jim Solis Chair, Committee on Economic Development Texas House of Representatives P.O. Box 2910 Austin, Texas 78768-2910
Re: Whether section 814.1043 of the Government Code as adopted by House Bill 3504 has no effect by operation of section 60 of Senate Bill 1130 (RQ-0105-JC)
Dear Representative Solis:
You ask about the relationship between two bills adopted by the Seventy-sixth Legislature that provide temporary service retirement options for certain state employees. Specifically, you ask whether section 814.1043 of the Government Code as adopted by House Bill 3504 has no effect by operation of section 60 of Senate Bill 1130. Both Senate Bill 1130 and House Bill 3504 contain provisions establishing temporary service retirement options for Texas Department of Health employees in chapter 814 of the Government Code. Because section 60 of Senate Bill 1130 provides that the change in the law made to section 814.1041 of the Government Code by that bill prevails over any other amendments to section 814.1041 or similar legislation adopted in the same legislative session, we conclude that section 814.1043
of the Government Code as adopted by House Bill 3504 has no effect.
Both Senate Bill 1130 and House Bill 3504 provide temporary service retirement options for certain state employees who are members of the Employees Retirement System of Texas ("ERS"). Senate Bill 1130 enacts various changes to ERS provisions in the Government and Insurance Codes. For purposes of your query, the most relevant is an amendment to section 814.1041 of the Government Code, which provides a temporary service retirement option for ERS members employed by the Texas Workforce Commission, the Texas Department of Human Services, the Texas Department of Mental Health and Retardation, and the Texas Department of Health whose jobs are eliminated as a result of contracts with private service providers or other reductions in services. Section 14 of the bill amended section 814.1041 as follows:
 TEMPORARY SERVICE RETIREMENT OPTION FOR MEMBERS AFFECTED BY PRIVATIZATION OR OTHER REDUCTION IN WORKFORCE. (a) This section applies only to members of the employee class who are not otherwise eligible to retire and whose positions with the Texas Workforce Commission, the Texas Department of Human Services, [or] the Texas Department of Mental Health and Mental Retardation, or the Texas Department of Health are eliminated as a result of contracts with private service providers or other reductions in services provided by those agencies and who separate from state service at that time.
 (b) A member described by Subsection (a) is eligible to retire and receive a service retirement annuity if the member's age and service credit, each equally increased only as needed to meet minimum age and service requirements, but not by more than [by] three years, would meet the minimum age and service requirements for service retirement under Section 814.104(a) at the time the member separates from state service as described by Subsection (a). The annuity of a person who retires under this subsection is computed on the person's accrued service credit increased by the minimum amount of service credit necessary to meet the service credit requirement for retirement, but not by more than three years.
Tex. S.B. 1130, Act of May 29, 1999, 76th Leg., R.S., ch. 1541, § 14, 1999 Tex. Sess. Law Serv. 5292, 5295-96 (additions and redactions as shown in bill). Senate Bill 1130 also deleted the following subsections from section 814.1041:
 (c) A member described by Subsection (a) becomes eligible to retire and receive a service retirement annuity on the date on which the member would have met the age and service requirements for service retirement under Section 814.104(a) had the member remained employed by the state if, on the date of separation from state service, the member's age and service credit, each increased by five years, would meet age and service requirements for service retirement under Section 814.104(a). The annuity of a person who retires under this subsection is computed on the person's accrued service credit.
 (d) If a member described by Subsection (c) is reemployed by the state before retirement, the time between the member's separation from state service and reemployment may be used only to compute eligibility for service retirement and may not be used to compute the amount of any service retirement annuity.
See id. As amended, section 814.1041 applies only to positions eliminated by privatization or other reductions in workforce before September 1, 2001. Id. at 5296.
These amendments to section 814.1041 achieve several purposes. First, subsection (a) now makes the temporary service option available to ERS members employed by the Texas Department of Health. Second, the amendments to subsections (a) and (b) clarify that an employee who retires pursuant to the temporary service retirement option receives an annuity computed on the basis of the person's accrued service credit increased only by the minimum amount of service credit necessary to meet the service credit requirement for retirement. See Tex. Att'y Gen. Op. No. JC-0027
(1999) (concluding on basis of plain language of section 814.1041 prior to amendment that the service annuity of a person who retired under subsection (b) was to be computed on the basis of the person's accrued service credit increased by three years). Third, by deleting former subsections (c) and (d), the amendments discontinue the temporary service option for ERS members who will be eligible to retire in three to five years.
House Bill 3504 enacts a temporary service retirement option for a special subset of ERS members — employees of the South Texas Hospital who separate from state service on or before September 1, 2000. The Hospital is currently operated by the Texas Department of Health. See Tex. Health Safety Code Ann. § 13.003
(Vernon 1992). House Bill 3504 provides a long-range plan for South Texas Hospital, authorizing the Texas Department of Health to construct new facilities and to contract with public or private health care providers for the management and operation of the new facilities by September 1, 2000. Tex. H.B. 3504, Act of May 21, 1999, 76th Leg., R.S., ch. 1106, §§ 1-6, 8, 1999 Tex. Sess. Law Serv. 3975, 3975-77. The Department is required to reassign any South Texas Hospital employee who is "displaced as a result of a contract entered into . . . under this Act or the transfer of services from the South Texas Hospital" to an open position within the Department for which the employee is qualified and must also require the health care provider with which it contracts to offer employment to displaced employees. Id. § 7, at 3976-77.
Section 9 of House Bill 3504 provides a temporary service retirement option for ERS members who are employed at South Texas Hospital by adding section 814.1043 to the Government Code as follows:
 TEMPORARY SERVICE RETIREMENT OPTION FOR MEMBERS EMPLOYED AT SOUTH TEXAS HOSPITAL. (a) This section applies only to members of the employee class who are employed by the Texas Department of Health at the South Texas Hospital on or after the effective date of this section and on or before September 1, 2000, and who separate from state service during that time.
 (b) A member described by Subsection (a) is eligible to retire and receive a service retirement annuity if the member's age and service credit, each increased by three years, would meet age and service requirements for service retirement under Section 814.104(a) at the time the member separates from state service as described by Subsection (a). The annuity of a person who retires under this subsection is computed on the person's accrued service credit increased by three years.
 (c) A member described by Subsection (a) becomes eligible to retire and receive a service retirement annuity on the date on which the member would have met the age and service requirements for service retirement under Section 814.104(a) had the member remained employed by the state if, on the date of separation from state service, the member's age and service credit, each increased by five years, would meet age and service requirements for service retirement under Section 814.104(a). The annuity of a person who retires under this subsection is computed on the person's accrued service credit.
 (d) If a member described by Subsection (c) is reemployed by the state before retirement, the time between the member's separation from state service and reemployment may be used only to compute eligibility for service retirement and may not be used to compute the amount of any service retirement annuity.
 (e) A member who applies to retire under this section and the Texas Department of Health shall provide documentation required by the retirement system to establish eligibility to retire under this section.
Id. § 9, at 3977. The effect of section 814.1043 would be to provide retiring South Texas Hospital ERS members the same temporary service retirement options available under section 814.1041 prior to its amendment by Senate Bill 1130. An ERS member who retired under section 814.1043(b) would be entitled to an annuity computed on the basis of the person's accrued service credit increased by three years rather than the minimum amount of service credit necessary to meet the service credit requirement for retirement. In addition, section 814.1043(c) would provide a retirement option for ERS members who are eligible to retire in three to five years.
You inform us that the Legislative Council has determined that the temporary service retirement option provision in House Bill 3504 is without force and effect due to section 60 of Senate Bill 1130. We agree with the Legislative Council's conclusion. Section 60 of Senate Bill 1130 provides:
 The change in law made by this Act to Section 814.1041, Government Code, prevails over any other Act of the 76th Legislature, Regular Session, 1999, regardless of the relative dates of enactment, that purports to amend Section 814.1041 or create a similar provision to allow a temporary retirement option for members of the Employees Retirement System of Texas whose positions are subject to privatization or a reduction in workforce or who are transferred between state agencies, and any amendment to Section 814.1041, Government Code, or similar provision in another Act of the 76th Legislature, Regular Session, 1999, has no effect.
Tex. S.B. 1130, Act of May 29, 1999, 76th Leg., R.S., ch. 1541, § 60, 1999 Tex. Sess. Law Serv. 5292, 5308.
Absent section 60, we would give effect to both the Senate Bill 1130 amendments to section 814.1041, which affect ERS members at several state agencies, including the Texas Department of Health, for the entire biennium, and section 814.1043 as adopted by House Bill 3504 by construing the latter provision to establish special retirement options for ERS members leaving state employment between August 30, 1999 and September 1, 2000, as a result of the Texas Department of Health's withdrawal from the management and operation of South Texas Hospital. See Tex. Gov't Code Ann. §311.025(b) (Vernon 1998) ("if amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each"). However, even though the enactments could be harmonized, we must follow the specific instructions in Senate Bill 1130 regarding the relationship between the amendments to section 814.1041 in Senate Bill 1130 and similar enactments. See Tex. Att'y Gen. Op. No.DM-234 (1993) at 4 (rule of statutory construction in section311.025(b) of the Government Code does not apply where the legislature has "clearly expressed its intent with regard to the proper course should a provision of that law and another law adopted in the same session conflict"); see also Tex. Att'y Gen. Op. No. DM-280 (1994) at 2-3 (same).
Section 60 of Senate Bill 1130 reflects the legislature's specific intent that the changes to section 814.1041 of the Government Code in Senate Bill 1130 prevail not only over other changes to section 814.1041 made in the same legislative session but also over any other act that "create[s] a similar provision to allow a temporary retirement option for members of the Employees Retirement System of Texas whose positions are subject to privatization or a reduction in workforce or who are transferred between state agencies." Tex. S.B. 1130, Act of May 29, 1999, 76th Leg., R.S., ch. 1541, § 60, 1999 Tex. Sess. Law Serv. 5292, 5308. Section 814.1043 of the Government Code as enacted by House Bill 3504 is "a similar provision to allow a temporary retirement option for members of the Employees Retirement System of Texas whose positions are subject to privatization." Id. § 60, at 5308. First, like Senate Bill 1130, House Bill 3504 affects ERS members employed by the Texas Department of Health. (As noted above, Senate Bill 1130 amends section 814.1041 to make that temporary service retirement option available to all Texas Department of Health employees who are displaced by privatization or other reductions in services.) Second, as a result of the House Bill 3504 long-range plan for South Texas Hospital, these ERS members may be displaced as a result of a contract between the Texas Department of Health and "one or more public or private health care providers or entities" for the provision of health care services. Tex. H.B. 3504, Act of May 21, 1999, 76th Leg., R.S., ch. 1106, §§ 2-3, 1999 Tex. Sess. Law Serv. 3975, 3976. Thus, like Senate Bill 1130, House Bill 3504 is intended to affect ERS members who may leave state employment as a result of privatization.
In sum, section 814.1043 of the Government Code as adopted by House Bill 3504 is a provision similar to section 814.1041 of the Government Code and therefore has no effect by operation of section 60 of Senate Bill 1130. This does not mean, however, that South Texas Hospital employees who are displaced as a result of House Bill 3504 will have no temporary service retirement option available to them. Like employees of the Texas Workforce Commission, the Texas Department of Human Services, and the Texas Department of Mental Health and Mental Retardation and other employees of the Texas Department of Health, ERS members whose positions with the Texas Department of Health at South Texas Hospital are eliminated as a result of contracts with private service providers or other reductions in services and who separate from state service at that time may be eligible to retire under section 814.1041 of the Government Code.
Finally, we note that we are aware of at least two other bills enacted by the Seventy-sixth Legislature that either amend section 814.1041 of the Government Code or may create a similar provision. See Tex. H.B. 1748, Act of May 13, 1999, 76th Leg., R.S., ch. 264, 1999 Tex. Sess. Law Serv. 1122 (adding section814.1042 of the Government Code to provide a temporary service retirement option for ERS members whose positions with the Texas Department of Health at the Texas Center for Infectious Disease are eliminated and who separate from state service as a result of certain contracts or transfer of research activities); Tex. H.B. 2877, Act of May 22, 1999, 76th Leg., R.S., ch. 1013, 1999 Tex. Sess. Law Serv. 3797 (amending section 814.1041 of the Government Code). We do not address the effect of section 60 of Senate Bill 1130 on any legislation other than House Bill 3504.
 SUMMARY
Because Senate Bill 1130 provides that the change in the law made to section 814.1041 of the Government Code by that bill prevails over any other amendments to section 814.1041 or similar legislation adopted in the same legislative session, section814.1043 of the Government Code as adopted by House Bill 3504 has no effect.
Yours very truly,
 JOHN CORNYN Attorney General of Texas
 ANDY TAYLOR First Assistant Attorney General
 CLARK KENT ERVIN Deputy Attorney General — General Counsel
 ELIZABETH ROBINSON Chair, Opinion Committee
 Mary R. Crouter Assistant Attorney General — Opinion Committee